UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER HIRAM CANO,

              Plaintiff,

-against-

CITY OF NEW YORK (NYCDOC), et al.,

              Defendants.

23-CV-3807 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is detained at the George R. Vierno Center ("GRVC") on Rikers Island, is proceeding *pro se* and *in forma pauperis*. Plaintiff invokes the Court's federal question jurisdiction and asserts claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as well as the federal civil rights statutes, 42 U.S.C. §§ 1981 and 1983. She[1] also invokes New York's Freedom of Information Law ("FOIL"), *see* N.Y.S. Public Officers Law §§ 84-90, regarding documents she seeks from New York City officials.

    By order dated May 9, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis*, that is, without prepayment of the filing fees. For the following reasons, the Court dismisses the action and declines to exercise supplemental jurisdiction of any state law claim Plaintiff may assert in the state courts.

**STANDARD OF REVIEW**

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

---

[1] In the complaint, Plaintiff uses she/her pronouns.

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action seeking documents from city officials and an employee of the Legal Aid Society ("LAS"), Prisoner Rights Project. She seeks these documents to support the claims she has asserted in other actions brought under federal civil rights statutes.[2] She titles the complaint in this action as a "FOIL Act Complaint," and names as defendants the City of New York, Patricia Yang of the New York City Correctional Health Services ("CHS"), Michael

---

[2] Plaintiff does not identify any of those actions, but the Court notes that she has filed Section 1983 actions in this court, arising from her detention on Rikers Island, that currently are pending. *See Cano v. City of New York*, ECF 1:23-CV-3733, 1 (S.D.N.Y., complaint filed on 5/3/23); *Cano v. Kharkover*, ECF 1:22-CV-10557, 1 (S.D.N.Y., complaint filed 12/12/22); *Cano v. Chisolm*, ECF 1:19-CV-1640, 2 (S.D.N.Y., complaint filed 2/20/19).

Pastor, General Counsel of "311 Constituent Agency NYC,"[3] and John Carroll of LAS. Near the caption of the complaint, she lists four federal statutes as the basis of this court's jurisdiction: FOIA, and Sections 1981, 1983, and 1988; in the body of the complaint, she refers only to the FOIL statute.

Plaintiff alleges that, from 2018 through 2022, she has requested documents in the possession of the City of New York, Yang, and Pastor, by filing FOIL requests. She states that she filed (1) three requests with the New York City Department of Correction, (2) eleven requests with Yang, concerning Plaintiff's medical records maintained during her detention at the GRVC, and (3) a request she filed with Pastor concerning over 300 complaints she lodged with 311 during her detention.

Plaintiff also alleges that she sought assistance from Carroll of the LAS in her attempts to retrieve documents. (ECF 1, at 5.) ("She desired for . . . Carroll to review, so Plaintiff did submit a FOIL request along with her complaints in a package . . . [but] Carroll never acknowledged nor responded to her FOIL requests."). She alleges that she requested Carroll's assistance because the documents she sought were "highly essential to the matters in the pending federal investigations of the Plaintiff's civil rights actions." (*Id.*)

Plaintiff asserts that "defendants ha[ve] no reasonable basis for denying Plaintiff access to the requested records and has not asserted any basis whatsoever for the denial." (*Id.* at 6.)

---

[3] The Court understands this entity to be "NYC311," a website operated by the City of New York that provides individuals with the ability to lodge complaints. *See* About NYC311, https://portal.311.nyc.gov/about-nyc-311/.

# DISCUSSION

**A.      Freedom of Information Act**

Plaintiff brings claims under FOIA, a federal statute that applies to federal agencies. This statute does not apply to state or city agencies. *See Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("[I]t is beyond question that FOIA applies only to federal and not to state agencies."); *see also Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005) ("Under FOIA . . . there is no private right of action against an official or employee of a municipal or state, rather than a federal, agency.") (internal citations, quotation marks, and alterations omitted) (citing cases); *Geer v. Pheffer*, No. 14-CV-2829 (CBA), 2015 WL 332996, at *2 (E.D.N.Y. Jan. 23, 2015) ("FOIA only authorizes suits against federal agencies and does not apply to individual officers or state agencies.") (citing 5 U.S.C. §§ 551(1), 552(a)(4)(B), (f)). Because Plaintiff does not allege that she requested any records from any federal agency, she has failed to state a claim under FOIA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Section 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Section 1983 does not provide a claim for "violations arising solely out of state law." *Driscoll v. Townsend*, 60 F. Supp. 2d 78, 81 (S.D.N.Y. 1999); *see also Holcomb*, 337 F.3d at 224.

   **1.      City Officials**

Plaintiff brings claims against public officials seeking records under the New York State FOIL, N.Y.S. Public Officers Law §§ 84-90. A suggested violation of FOIL does not, however, support a Section 1983 claim. *See, e.g.*, *Rankel v. Town of Somers*, 999 F. Supp. 2d 527, 535 (S.D.N.Y. 2014) ("[M]any of Plaintiff's allegations – *e.g.*, that the Town refused to fulfill FOIL

4

requests . . . – involve state law, not federal constitutional violations."). Where a plaintiff's state FOIL request is denied, her remedy is to challenge that denial in an Article 78 proceeding in New York state court – not in a federal civil rights action. *See Hudson v. Cnty. of Dutchess*, 51 F. Supp. 3d 357, 370-71 (S.D.N.Y. 2014).

Plaintiff's allegations that her FOIL requests have been denied do not state a cognizable federal claim under Section 1983. Accordingly, the Court dismisses Plaintiff's Section 1983 claims against the City of New York, Yang, and Pastor for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). These claims are dismissed without prejudice to any Article 78 proceeding Plaintiff may pursue regarding the alleged denial of her FOIL requests.

### 2. Carroll, Legal Aid Society Attorney

Plaintiff sues Carroll of the LAS regarding his alleged failure to assist Plaintiff with her FOIL requests. The Court construes this allegation as asserting a claim under Section 1983 because it relates to Plaintiff's allegations that she seeks documents for her civil rights actions filed under Section 1983.

Private parties generally are not liable under Section 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Carroll is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983. Accordingly, the Court dismisses the claims against Carroll for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Section 1981**

Plaintiff invokes 42 U.S.C. § 1981 as a basis for her claims. Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). To state a claim under Section 1981, "a plaintiff must . . . plead . . . that, but for race, [the plaintiff] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

The complaint does not suggest a basis for relief under Section 1981, as Plaintiff asserts only that her FOIL requests have been denied. The Court therefore dismisses Plaintiff's claims under Section 1981 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      Section 1988**

Plaintiff invokes Section 1988 as a basis for this court's judication. Section 1988 allows a prevailing party in an action enforcing certain civil rights laws to recover reasonable attorney's fees. *See* 42 U.S.C. § 1988(b). Section 1988 is not a basis for jurisdiction. Rather, it is a law that provides for awards of reasonable attorney's fees in certain cases. Moreover, individuals who are proceeding *pro se* are not entitled to attorney's fees under Section 1988. *See Kay v. Ehrler*, 499 U.S. 432, 437-38 (1991). Plaintiff therefore does not state a claim under Section 1988 upon which relief may be granted.

**E.      Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

F.  **Decline to Exercise Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Nothing in this order prevents Plaintiff from pursuing a challenge to the denial of her FOIL requests in an Article 78 proceeding in New York state court.

## CONCLUSION

Plaintiff's FOIA, Section 1983 and Section 1981 claims, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); the Section 1983 claims brought against the City of New York, Yang, and Pastor, and premised on alleged violations of the New York FOIL, are dismissed without prejudice to any Article 78 proceeding Plaintiff may pursue.

The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of any state law claims.

Plaintiff's motion, filed at document number 3, is denied as moot. The Clerk of Court is directed to terminate the motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   June 20, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge